UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALVADOR MARTINEZ, § | | |
| #46749-177, § | | |
| Movant, § | | |
| § | | |
| v. § | | No. 3:24-cv-3253-B |
| § | | (No. 3:13-cr-276-B-7) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

### MEMORANDUM OPINION AND ORDER

Before the court is Salvador Martinez's ("Movant") *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion"), filed December 26, 2024. Doc. 1. Upon careful review of the relevant pleadings, the record, and the applicable law, the § 2255 motion is summarily **DISMISSED WITH PREJUDICE** as time barred.

### I.     BACKGROUND

Movant pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. On October 9, 2020, the court sentenced him to 300 months' imprisonment. Crim. Doc. 777 at 2. Movant appealed to the Fifth Circuit Court of Appeals. On August 25, 2021, the Fifth Circuit dismissed the appeal for failing to present a nonfrivolous issue for appellate review. Crim. Doc. 806. In August 2023, Movant unsuccessfully moved to amend his sentence, Crim. Doc. 845; Crim. Doc. 846, and in July 2024, to reduce sentence under retroactive Amendment 821 to the U.S. Sentencing Guidelines, Crim. Doc. 857; Crim. Doc. 861.

Then, on December 26, 2024, Movant filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. He alleges ineffective assistance of counsel, prosecutorial

1

misconduct, judicial misconduct, and procedural and mathematical errors at sentencing. Doc. 1 at 4-8. Because Movant's § 2255 motion appeared untimely, the court directed him to respond regarding the application of the one-year limitations period, which he has now done. Doc. 3; Doc. 4. Upon review, the court concludes that Movant's § 2255 motion is not timely and should be dismissed as barred by the applicable limitations period.

II.     ANALYSIS

A motion under 28 U.S.C. § 2255 is subject to initial review and summary dismissal when appropriate. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

   A. The § 2255 Motion is Time Barred

Section 2255 contains a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). The court may consider the limitations period *sua sponte* after providing notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). The one-year limitations period begins to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4). So the limitations period began to run when his judgment of conviction became final under § 2255(f)(1). The Supreme Court has held that a judgment of conviction becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Movant's direct appeal was dismissed on August 25, 2021, and he did not petition for a writ of certiorari. Crim. Doc. 806. His judgment of conviction thus became final on November 23, 2021—when the time to file a certiorari petition expired 90 days later. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Calculated from that date, Movant's § 2255 motion was due by November 23, 2022. Movant did not, however, file his § 2255 motion until December 26, 2024—considered filed at the earliest as of December 16, 2024—over two years later.[1] His § 2255 motion is therefore untimely under § 2255(f)(1) absent equitable tolling.

**B. There is No Basis for Equitable Tolling**

Even when liberally construed, Movant presents no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. Doc. 1 at 11; Doc. 4. Notably, "equitable tolling is discretionary." *Christmas v. Hooper*, 118 F.4th 724, 732 (5th Cir. 2024). It is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). And "the

---

[1] Movant dated his § 2255 motion and certified placing it in the prison mailbox on December 16, 2024. Doc. 1 at 12. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use the jail/prison's mail system).

extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and citations omitted).

A movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida* , 560 U.S. 631, 649 (2010) (quotations and quoted case omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (quotations and quoted cases omitted). Yet the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (quoted case omitted). Unexplained delays do not suggest due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Movant's arguments in favor of equitable tolling are unpersuasive. He contends that "discovery of crucial legal precedents" coupled with limited library access warrant equitable tolling. Doc. 1 at 11; Doc. 4 at 2-4. Movant asserts that in *United States v. Robinson*, No. 3:21-cr-014 (S.D. Miss), "the court recognized discretionary latitude in sentencing guideline applications and identified structural errors in the mandatory imposition of the guidelines during sentencing. Doc. 4 at 2. He states that *Robinson* "directly impacts [his] case" but he discovered it only recently because of his "limited access to legal resources." Doc. 4 at 2.

At outset, the court notes that Movant did not pursue the habeas "process with diligence and alacrity[.]" *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). He squandered the entire one-year period for filing his § 2255 motion. Indeed, Movant waited more than three

years from the date his conviction became final to mail his § 2255 motion and details no efforts to file a timely § 2255 motion. Instead, Movant moved to amend and reduce sentence in September 2023 and July 2024. Crim. Doc. 846; Crim. Doc. 857. Under these circumstances, Movant offers no evidence or explanation to demonstrate his "reasonable diligence" in pursuing his habeas rights. *See Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019).

Further, extended periods of inactivity, as in this case, reveal a lack of due diligence. Unexplained delays neither show due diligence nor rare and extraordinary circumstances. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights." (quotation and quoted case omitted)). On this record, the court concludes that Movant did not pursue the habeas "process with diligence and alacrity." *Phillips*, 216 F.3d at 511.

Movant complains generally of limited library access, specifically he asserts that the "basic electronic law library" and inadequate legal assistance hindered his research efforts. Doc. 4 at 2. Despite the alleged restrictions, Movant asserts that he "consistently researched and sought relevant case law to support [his] claim" and only recently discovered the decision in *United States v. Robinson*, No. 3:21-cr-014 (S.D. Miss). Doc. 4 at 2.

Even under liberal construction, Movant's pleadings do not suggest that "rare and exceptional circumstances" prevented him from submitting his § 2255 motion within the one-year period. Apart from broad-based allegations, Movant offers no details of the "basic electronic law library" access and the alleged limitations, if any, that he experienced. Stated another way, he shows no causal link between the limited access to the law library and his inability to file his § 2255 motion. *See Contreras-Beltran v. United States*, No. 3:22-CV-976-N-BK, 2022 WL 4295254, at *2-3 (N.D. Tex. Aug. 4, 2022), *rec. adopted*, 2022 WL 4295296 (N.D. Tex. Sept. 16, 2022) (finding

limited library access did not warrant equitable tolling where the movant alleged no causal link). This court has also found that diminished access to the law library, even during a pandemic, does not constitute "extraordinary circumstances" warranting equitable tolling. *See Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2-3 (N.D. Tex. Feb. 22, 2022), rec. *adopted*, *Delarosa v. Dir.*, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (collecting cases and finding pandemic-related circumstances, including lockdowns and diminished library access, did not prevent filing of habeas petition).

Additionally, Movant's *pro se* status and unfamiliarity with the law do not rise to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). A limited education is a disability common to many incarcerated persons and, as such, it does not justify equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("It is irrelevant whether the unfamiliarity [with the law] is due to illiteracy or any other reason.").

In sum, Movant has presented no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. Thus, Movant has not carried his burden of establishing that equitable tolling is warranted. *Petty*, 530 F.3d at 365. His § 2255 motion should thus be dismissed as time barred.

### III.    CONCLUSION

For all these reasons, Movant's motion to vacate sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

SO ORDERED March 4, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE